

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| PHILIP R. SELLINGER<br>United States Attorney | 401 Market Street, Fourth Floor<br>Camden, New Jersey 08101-2098 |
| DANIEL A. FRIEDMAN<br>Assistant United States Attorney | Direct Dial: 856.968.4867<br>Email: Daniel.friedman2@usdoj.gov |

February 13, 2023

Mario J. Persiano, Esquire
Law Offices of Mario J. Persiano
15 West Park Avenue
Merchantville, NJ 08109

Re: <u>**Plea Agreement with William Ingram**</u>, 23-cr-537-KMW

Dear Mr. Persiano:

This letter sets forth the plea agreement between your client, William Ingram, and the United States Attorney for the District of New Jersey (the "Office"). This offer will expire on **Monday, February 27, 2023**, if it is not accepted in writing by that date. If William Ingram does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from William Ingram to a one-count Information charging him with bank fraud conspiracy, in violation of 18 U.S.C. § 1349. If William Ingram enters a guilty plea and is sentenced on this charge, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against William Ingram for his role in obtaining fraudulent Paycheck Protection Program (PPP) loans or Economic Injury Disaster Loans (EIDL) on behalf of King of Aces Barbershop LLC, Leader of the Pack Productions LLC, East Coast Commercial Investment LLC, or Coach Sargeant Training LLC, as set forth in Schedule B, or for distributing the proceeds from these loans.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against William Ingram even if the applicable statute of limitations period for those charges expires after William Ingram signs this agreement, and William Ingram agrees not to assert that any such charges are time-barred.

1

## Sentencing

The violation of 18 U.S.C. § 1349 to which William Ingram agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence William Ingram is serving or is ordered to serve.

The sentence to be imposed upon William Ingram is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence William Ingram ultimately will receive.

Further, in addition to imposing any other penalty on William Ingram, the sentencing judge as part of the sentence:

(1)     will order William Ingram to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order William Ingram to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order William Ingram, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(5)     pursuant to 18 U.S.C. § 3583, may require William Ingram to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should William Ingram be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, William Ingram may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, William Ingram agrees to pay full restitution to the victims of the offense of conviction or from the scheme,

conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses. As part of his restitution obligations, William Ingram agrees to make full restitution for all losses—including the full loan amount and all advances, origination fees, processing fees, and accrued interest—associated with the loans listed on Schedule B.

## Forfeiture

As part of his acceptance of responsibility, William Ingram agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the conspiracy offense charged in the Information. William Ingram further agrees that the value of such property was $551,600.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by William Ingram, in an amount not to exceed $551,600.00 (the "Forfeiture Amount"). William Ingram consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to William Ingram prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. William Ingram further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and William Ingram agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating William Ingram's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

William Ingram further agrees to forfeit to the United States all of his right, title and interest in the items listed on Schedule C hereto (the "Specific Property"). William Ingram admits that the Specific Property has the requisite nexus to bank fraud, in violation of 18 U.S.C. § 1344, and is therefore forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(2). William Ingram agrees the Specific Property is subject to forfeiture as property, real or personal, that constitutes or is derived, directly and indirectly, from proceeds traceable to the commission of the offense in violation of 18 U.S.C. § 1344. William Ingram further agrees to execute a Stipulation and Order for Consent Seizure of Funds permitting the seizure for forfeiture of the contents of the bank accounts set forth on Schedule C on or before February 27, 2023.

3

William Ingram waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. William Ingram understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. William Ingram waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of William Ingram's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

William Ingram further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If William Ingram fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that William Ingram has intentionally failed to disclose assets on his Financial Disclosure Statement, William Ingram agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on William Ingram by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of William Ingram's activities and relevant conduct with respect to this case.

## Stipulations

This Office and William Ingram will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination

4

that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and William Ingram waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

William Ingram understands that, if William Ingram is not a citizen of the United States, William Ingram's guilty plea to the charged offense will likely result in William Ingram being subject to immigration proceedings and removed from the United States by making William Ingram deportable, excludable, or inadmissible, or ending William Ingram's naturalization. William Ingram understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. William Ingram wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause William Ingram's removal from the United States. William Ingram understands that William Ingram is bound by this guilty plea regardless of any immigration consequences. Accordingly, William Ingram waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. William Ingram also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against William Ingram. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude William Ingram from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

5

## **No Other Promises**

This agreement constitutes the entire plea agreement between William Ingram and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

By: DANIEL A. FRIEDMAN
    JASON M. RICHARDSON
    Assistant United States Attorneys

APPROVED:

SARA A. ALIABADI
Deputy Attorney-In-Charge, Camden

I have received this letter from my attorney, Mario Persiano, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 2/26/23
WILLIAM INGRAM


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 2/26/23
MARIO PERSIANO, ESQUIRE
Counsel to Defendant William Ingram

7

### Plea Agreement with William Ingram

### Schedule A

1.      The Office and William Ingram recognize that the United States Sentencing Guidelines are not binding upon the Court. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2021, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offense is 20 years or more.

4.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies because the total loss amount is greater than $550,000 but less than $1,500,000. This Specific Offense Characteristic results in an increase of 14 levels.

5.      As of the date of this letter, William Ingram has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if William Ingram's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6.      As of the date of this letter, William Ingram has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently. At sentencing, the Office will move for a further 1-point reduction in William Ingram's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) William Ingram enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that William Ingram's acceptance of responsibility has continued through the date of sentencing and William Ingram therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) William Ingram's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.      Accordingly, the parties agree that the total Guidelines offense level applicable to William Ingram is 18 (the "Total Offense Level").

8.      The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9.      If the term of imprisonment does not exceed 33 months, and except as specified in the next paragraph below, William Ingram will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the

term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the term of imprisonment is at least 27 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    i.  Any proceeding to revoke the term of supervised release;

    ii.  A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iii.  An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

9

**Plea Agreement with William Ingram**

**Schedule B – Identified Lenders and Loans**

| Company | PPP/ EIDL | Lender | Loan Number | Amount Funded |
|---|---|---|---|---|
| King of Aces Barbershop | PPP | KeyBank | 8019068603 | $122,000.00 |
| King of Aces Barbershop | EIDL | Small Business Administration | 9426428203 | $141,600.00 |
| East Coast Commercial Investment | PPP | KeyBank | 5526678610 | $143,000.00 |
| Leader of the Pack Productions | PPP | KeyBank | 8481498701 | $145,000.00 |
| Coach Sargeant Training | PPP | KeyBank | 3085908906 | $147,000.00 |

## <u>Plea Agreement with William Ingram</u>

### <u>Schedule C – Specific Property to be Forfeited</u>

- The contents of an account at KeyBank ending in -1628 in the name of King of Aces Barbershop LLC.

- The contents of an account at KeyBank ending in -1586 in the name of Leader of the Pack Productions LLC.

- The contents of an account at KeyBank ending in -1610 in the name of East Coast Commercial Investment LLC.

- The contents of an account at Wells Fargo ending in -6018 in the name of King of Aces Barbershop LLC.