2023R00437/DAF/JMR/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Crim. No. 23-537-KMW |
| WILLIAM INGRAM, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |
| | : | |

WHEREAS, on July 5, 2023, defendant William Ingram (the "defendant") pleaded guilty, pursuant to a plea agreement with the United States, to a one-count Information (the "Information"), which charged him with bank fraud conspiracy, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the commission of the conspiracy offense charged in the Information, which the defendant agreed had a value of $551,600.00. In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $551,600.00 (the "Money Judgment");

WHEREAS, in the plea agreement, the defendant further agreed to forfeit all of his right, title, and interest in the specific property set forth in Exhibit A hereto (the "Specific Property"), which the defendant admits has the requisite nexus to the bank fraud conspiracy offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(2). Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)(1)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property; and

WHEREAS, defendant William Ingram:

(1) Consents to the entry of the Money Judgment, pursuant to 18 U.S.C. § 982(a)(2)(A);

(2) Agrees to forfeit to the United States all of his right, title, and interest in the Specific Property;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### ***Money Judgment***

1. All property, real or personal, which constitutes or is derived from proceeds the defendant obtained traceable to the bank fraud conspiracy offense charged in the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A).

2. The defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $551,600.00. A money judgment in the amount of $551,600.00 is hereby entered against the defendant (the "Money Judgment"), pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

### Specific Property

5. As a further result of the defendant's conviction of the bank fraud conspiracy offense charged in the Information, and pursuant to 18 U.S.C.

§ 982(a)(2) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

7.  Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.  Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the

time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

9. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

### *Other Provisions*

11. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of defendant, and shall be included in the judgment of conviction therewith.

12. Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

13. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully

satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

14. The Clerk of the Court is directed to enter a criminal forfeiture money judgment against the defendant in favor of the United States in the amount of $551,600.00.

15. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 5th day of July, 2023.

_____
HON. KAREN M. WILLIAMS

The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

_____   Dated: June 15, 2023
By: DANIEL A. FRIEDMAN
    JASON M. RICHARDSON
Assistant United States Attorneys

_____   Dated: 6/28/23
MARIO PERSIANO, ESQ.
Attorney for Defendant William Ingram

_____   Dated: 6-28-23
WILLIAM INGRAM, Defendant

-7-

## **Exhibit A**

- The contents of an account at KeyBank ending in -1628 in the name of King of Aces Barbershop LLC.

- The contents of an account at KeyBank ending in -1586 in the name of Leader of the Pack Productions LLC.

- The contents of an account at KeyBank ending in -1610 in the name of East Coast Commercial Investment LLC.

- The contents of an account at Wells Fargo ending in -6018 in the name of King of Aces Barbershop LLC.